IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA SEDILLO O/B/O
PAUL SEDILLO,

    Plaintiff,

vs.                                                        Civil No. 97-1393 JC/WWD

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed August 7, 1998 [8-1]. The Commissioner denied Plaintiff's request for Supplemental Security Income ("SSI") benefits. Plaintiff, currently age 19, was 16 years old at the time of his June 8, 1995 administrative hearing. Paul Sedillo alleges a disability as of February 15, 1979, due to asthma and diabetes.[1]

    2. After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") denied the application, concluding that Paul was not disabled because he does not have an impairment of comparable severity to that which would disable an adult. The Appeals Council denied Paul's request for review of the ALJ's decision, thus the ALJ's decision is the final decision of the Commissioner. Plaintiff now seeks review of that final decision pursuant to 42

---

[1] A prior final determination that Plaintiff was not disabled was filed on November 13, 1992. Tr. at 40. The application was not reopened. Thus, evidence becomes relevant for this appeal as of November 14, 1992.

U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

4. Plaintiff alleges that the ALJ's findings are not supported by substantial evidence and are legally insupportable under the new law governing the standard for evaluating a child's disability. Specifically, Plaintiff contends that his impairment meets or equals the 103.03(C) Listing for asthma. See 20 C.F.R., Pt.404, Subpt.P, App.1, § 103.

5. Public Law 104-193, the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, § 211, repeals what used to be step four of the children's sequential evaluation. See Brown v. Callahan, 120 F.3d 1133, 1135 (10th Cir.1997). Under the fourth step the ALJ conducted an individualized functional assessment in order to determine whether the child has an impairment or impairments of comparable severity to that which would disable an adult. Under the new regulations for the Act, which became effective after August 22, 1996, if the child's impairment or impairments do not meet, medically equal, or functionally equal in severity a listed impairment, the child is not disabled. See 20 C.F.R. § 416.924(d)(2)(1997).

6. Although the ALJ applied the former standard to Plaintiff's application, the new standard for evaluating children's disability claims applies to all cases which have not been finally adjudicated as of the effective date of the Act, August 22, 1996, including those cases in which a request for judicial review is pending. See Brown v. Callahan, 120 F.3d 1133, 1135 (10th Cir.

1997) (referring to text of § 211(d)(1) of the Act, found in the notes following 42 U.S.C.A. § 1382c). Thus, the new standard applies to Paul's claims on review.

7. The first three steps in the evaluation process remain the same, involving determinations as to (1) whether the child is engaging in substantial gainful activity, (2) whether the impairment is severe, and (3) whether the impairment meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1. See 20 C.F.R. § 416.924.

8. To meet or equal Listing 103.03(C), Paul's impairment in this case must exhibit: "[p]ersistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with. . . (2) [s]hort courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period." Listing 103.03(C) & (C)(2).

9. Although Plaintiff cites to frequent documentation of episodes of low-grade wheezing, Pltff's Brf. at 5, these medical findings do not satisfy the requirements for the listed impairment. Paul exhibited frequent wheezing, but not what could be considered "persistent."[2]  Further, the listing requires that this low-grade wheezing occur between "acute attacks" of asthma which is defined in Pt.404, Subpt.P, App. 1, 3.00C as "prolonged episodes lasting one or more days and requiring intensive treatment, such as . . . intravenous bronchodilator. . . ."

10. The record shows that the course of Paul's asthma impairment does not rise to the required severity level. Paul was hospitalized twice during the relevant period, each time for 3 days, in November 1992 and November 1993. Tr. at 175-76; 177-85.

---

[2] The record contains documentation of wheezing (consisting largely of follow-up notes) averaging about six a year. For example, in 1993, there are notes mentioning Paul's wheezing at Tr. at 258, 261, 262, 264, 271, & 272.

11. Treatment notes further support the ALJ's findings. Dr. Warren McKelvy, who followed Paul during the hospitalizations, opined that clinical examination showed "relatively little in the way of positive physical findings." Tr. at 185. Paul's asthma was considered to present "little problem clinically" after Paul was given instructions. Tr. at 177.[3]

12. All the specific requirements of a Listing must be met in order to result in a finding of disability. See Sullivan v. Zebley, 493 U.S. 521, 531 (1990) (for claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria); see also SSR 83-19. Paul's short, occasional treatments with Prednisone do not satisfy 103.03(c)(2), where courses of treatment must occur "for at least 3 months during a 12-month period." See, e.g., Tr. at 196-97 (10-day course in 1995),Tr. at 243-45, (5-day course in 1994), Tr. at 259-60 (3-day course in 1993), & Tr. at 274 (10-day course in 1992).

13. Plaintiff's contention that his asthma is "complicated by" his diabetes is not supported by any medical documentation. A consideration of whether Plaintiff's impairments in combination meet a medical listing rests on objective medical evidence. SSR 96-5P (whether an individual's impairment manifests listing requirements is simply a matter of documentation). While the record contains evidence of Paul's treatment for diabetes, and frequent instances where his blood sugar was above 200, Pltff's Brf. at 5, it is not evidence which indicates that a combination of his impairments would satisfy a listing requirement and therefore result in a finding of disability.

14. In sum, I find that the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and is also legally supportable under the new law governing the standard for

---

[3] Evidence in the record, such as Plaintiff's own testimony, suggests that both Paul's asthma and diabetes is controlled with adherence to proper medical regime. Tr. at 215-17; 223-25.

evaluating a child's disability.

## Recommendation

I recommend that Plaintiff's Motion to Reverse and Remand for a Rehearing, [8-1] be denied and this cause of action dismissed with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE